UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **JANE DOE**, t*he student; by and through her parents,* **K.M.** and **A.M.**; | ) <br> ) <br> ) |
| Plaintiffs, | ) No. 3:22-cv-63-KAC-DCP <br> ) <br> ) |
| v. | ) <br> ) |
| **KNOX COUNTY, TENNESSEE**; | ) <br> ) |
| Defendant. | ) <br> ) |

### ORDER REGARDING HEARING ON "PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION"

On February 17, 2022, Plaintiffs filed a purported "Verified Complaint" against Defendant Knox County, Tennessee [Doc. 1]. The "Verified Complaint" alleges that Knox County violated Jane Doe's rights under the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973 as those statutes relate to the public education and educational services Doe receives at L&N Stem Academy, where she attends school [*See* Doc. 1 at ¶¶3-4, 8]. That same day, Plaintiffs also filed a "Motion for Temporary Restraining Order and Preliminary Injunction" [Doc. 2], seeking a "temporary restraining order and preliminary injunction" under Federal Rule of Civil Procedure 65 [*Id.* at 2]. Plaintiffs specifically assert that Doe "has been and will continued to be irreparably harmed psychologically and academically without" the educational accommodations that she seeks [Doc. 2-1 at 9].

Because Plaintiffs request accelerated relief under Rule 65 and assert that Doe is suffering significant irreparable harm in the absence of such relief, the Court will expedite the proceedings related to Plaintiffs' "Motion for Temporary Restraining Order and Preliminary Injunction" [Doc. 2]. The Court will hold an in-person hearing on Plaintiffs' "Motion for Temporary

1

Restraining Order and Preliminary Injunction" on **March 3, 2022 at 10:00 AM.** Defendant shall file any response to Plaintiffs' "Motion for Temporary Restraining Order and Preliminary Injunction" on or before **March 1, 2022**. That response, if any, shall address whether the claims in this action are subject to the exhaustion requirement of the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(l), as it relates to the alleged "denial of a free appropriate public education." *See Perez v. Sturgis Pub. Schs.*, 3 F.4th 236, 240 (6th Cir. 2021); *see also Fry v. Napoleon Comty. Schs.*, --- U.S. ---, 137 S. Ct. 743 (2017).

    IT IS SO ORDERED:

*[signature]*
Katherine A. Crytzer
United States District Judge