UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **JANE DOE**, *the student; by and through her* *parents,* **K.M.** and **A.M.**; | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:22-cv-63-KAC-DCP |
| **KNOX COUNTY BOARD OF** **EDUCATION**; | ) ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING "MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL"

This case is before the Court on Defendant's "Motion for Leave to File Document Under Seal" [Doc. 13]. Defendant seeks to seal "Exhibit 2 to its Response in Opposition to the Motion for Preliminary Injunction or Temporary Restraining Order," [*Id.* at 13], the "Section 504 Student Service Plan" of Jane Doe. The Section 504 Student Service Plan contains medical information related to Doe and information related to educational services Defendant alleges that it has provided to Doe [Docs. 14 *SEALED*, 13 at 1]. It is undisputed that Doe is a minor [*See* Docs. 8-3 at 1, 13 at 1].

"[C]ourts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citations and quotations omitted). "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id.* However, "trial courts have always been afforded the power to seal their records when interests of privacy

1

outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citing *Brown & Williamson*, 710 F.2d at 1179; *In Re Halkin*, 598 F.2d 176, 190-92 (D.C. Cir.1979); *Ottaway Newspapers, Inc. v. Appeals Court*, 372 Mass. 539, 362 N.E.2d 1189 (1977)).  These privacy interests are particularly compelling when the "medical, and educational information" of a minor child is involved.  *See Doe v. Plymouth-Canton Cmty. Schs.*, No. 19-10166, 2021 WL 5541940, *2 (E.D. Mich. Jan. 12, 2021) (citations omitted); *Siefert v. Hamilton Cnty. Bd. of Comm'ns.*, No. 1:17-cv-511, 2017 WL 4156210, *2 (S.D. Ohio Sept. 18, 2017).  This Court's local rules permit the Court to seal "Court Records or portions thereof" upon a finding of "good cause."  E.D. Tenn. L.R. 26.2(b).  But any order sealing records "must be narrowly tailored" to meet the specific need.  *See Shane Group, Inc.*, 825 F.3d at 305 (citation omitted).

Here, for good cause shown, the Court grants Defendant's narrow motion to seal the Section 504 Student Service Plan of Doe.  This Section 504 Student Service Plan contains sensitive medical and educational information of a minor [*See* Docs. 13 at 1, 14 *SEALED*].  The public undoubtedly has an interest in this case and the Court is committed to its "strong presumption in favor of openness."  *See Shane Group, Inc.*, 825 F.3d at 305.  However, parents and guardians, the public, and this Court have a compelling interest in protecting the private medical and educational information of minor children.  *See Doe*, No. 19-10166, 2021 WL 5541940, at *2; *see also In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474.  This compelling privacy interest necessitates the narrow relief requested.  Accordingly, the Court **GRANTS** Defendant's "Motion for Leave to File Document Under Seal" [Doc. 13].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

2