IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF <br> JANE DOE., THE STUDENT, <br> BY AND THROUGH <br> HER PARENTS, K.M. AND A.M. <br><br> PLAINTIFF. <br><br> VS. <br><br> KNOX COUNTY, TENNESSEE <br><br> DEFENDANT. | JUDGE CRYTZER <br> NO. 3:22-CV-00063 |

## PLAINTIFF'S SECOND AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**COMES THE PLAINTIFF, JANE DOE, et. al.**, and submits this Second and Emergency Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. Civ. P. 65. She shows:

### I. HISTORY

1. On February 17, 2022, Plaintiff filed a motion for temporary injunction and preliminary injunction with supporting evidence. (D.E. 2).

1

2. On March 3, 2022, the parties appeared for a hearing before the Court. The Court raised the issue of jurisdiction and held oral argument, then asked the parties for additional briefing. (D.E. 21, 22). No TRO was entered in the interim as this was a jurisdictional matter.

3. On March 11, 2022, the parties provided the additional briefing. (D.E. 24, 28).

4. Defendant also filed a motion to dismiss on March 11, 2022 on the same jurisdictional grounds. (D.E. 25).

5. On March 14, 2022, the Court granted Plaintiffs' Motion to File Second Amended Complaint and docketed it. (D.E. 27).[1]

6. On March 30, 2022, Plaintiff filed a supplement to update the Court on her continuing suffering without emergency injunctive relief and included specific examples of harm from that previous week. (D.E. 30, 30-1).

7. On April 8, 2022, counsel for Plaintiffs and Defendant called the law clerk consistent with the judicial preferences to inquire of status. Unfortunately, the law clerk assigned to the case was not available.

## II. Updated Need for TRO

8. Plaintiff was at a point of crumbling when the original TRO was filed on February 17, 2022. Things have steadily gotten worse. Attached hereto is a Declaration from Jane Doe's father updating:

    A. The continuing refusal to stop eating and gum chewing in academic classes;

---

[1] This mooted Defendant's motion to dismiss. *T&C Leasing, Inc. v. Banks*, 2022 U.S. Dist. LEXIS 54185, at *1-2 (E.D. Tenn. Mar. 25, 2022) (Crytzer, J.).

B. The deliberate targeting of Jane Doe by students with gum chewing to try to "trigger" her;

C. The most recent exchange with KCS which sets for KCS's statement that Jane Doe need to continue to attend classes and how suggests Jane Doe "wait outside" until the start of class (even though eating and chewing occurs constantly *during* the class); and

D. How Jane Doe must access class in order to learn, as this school year comes to a close.

(Exhibit A).

9. For all of the reasons stated in the Motion for TRO and Preliminary Injunction previously, and for all the medical evidence provided previously, Plaintiffs urgently request the Court at least enter a TRO if it wants to delay setting a preliminary injunction hearing.

10. Alternatively, Plaintiff request the Court enter the preliminary injunction based upon the written evidence which is sufficient. Plaintiffs have submitted Verified Complaints, and sworn declarations. Moreover, whether a TRO or a preliminary injunction, even hearsay may be considered at the preliminary injunction stage. "At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, if the evidence is appropriate given the character and objectives of the injunctive proceeding." *FTC v. Nat'l Testing Servs., LLC*, No. 3:05-0613, 2005 U.S. Dist. LEXIS 46485, at *5 (M.D. Tenn. Aug. 18, 2005); *Amacher v. Tennessee*, No. 3:21-cv-00638, 2021 U.S. Dist. LEXIS 208351, at *6-7 (M.D. Tenn. Oct. 28, 2021)("In conducting the preliminary injunction analysis, the Court is not limited to the four corners of the complaint but rather may rely

on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction if the evidence is appropriate given the character and objectives of the injunctive proceeding.").

Respectfully Submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert

Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
justin@schoolandworklaw.com

**THE SALONUS FIRM, PLC**

/s Jessica F. Salonus
JESSICA F. SALONUS (TN Bar 28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

***ATTORNEYS FOR PLAINTIFFS***

**CERTIFICATE OF SERVICE**

I certify that on April 11, 2022, I served this Motion on Amanda Morse, amanda.morse@knoxcounty.org in accordance with ECF filing procedures.

/s Justin S. Gilbert

4