UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **JANE DOE**, *the student; by and through her parents,* **K.M.** and **A.M.**; <br><br> Plaintiff, <br><br> v. <br><br> **KNOX COUNTY BOARD OF EDUCATION**; <br><br> Defendant. | No.: 3:22-cv-63-KAC-DCP |

## ORDER GRANTING DEFENDANT'S "MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL"

This case is before the Court on Defendant's "Motion for Leave to File Document Under Seal" [Doc. 45]. Defendant seeks to seal "Attachment[s] 1 and 2 [to] the Declaration of James Allen" [*Id.* at 1; *see also* Docs. 44-1 ("Declaration of James Allen"), 46-47 (proposed sealed documents)], filed with its "Response in Opposition to Plaintiff's Motion for Preliminary Injunction Pending Appeal" [Doc. 44]. Attachment 1 is a "'Care Plan,' utilized by [Plaintiff's] previous school" [Doc. 45 at 1 (describing Doc. 46 *SEALED*)], and Attachment 2 contains "medical records Ms. Doe provided" Defendant [*Id.* at 1 (describing Doc. 47 *SEALED*)]. Defendant states Plaintiff's "parents provided KCBOE these records as part of her enrollment and to assist in the development of her 504 plan" prior to beginning school at L&N STEM Academy [Doc. 45 at 1]. Both documents contain confidential information related to Plaintiff's medical condition and the services provided by Plaintiff's prior school due to that medical condition, and

1

Defendant alleges that Plaintiff "is already in possession of these records" [*Id.* at 2]. It is undisputed that Plaintiff is a minor [*See* Docs. 27-1 at 1, 45 at 1].

As this Court previously discussed [*see* Doc. 17], there is "a 'strong presumption in favor of openness' as to court records." *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This is especially true where, as here, there is great public interest in the litigation. *Id.* But "interests of privacy" can outweigh "the public's right to know." *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citing *Brown & Williamson*, 710 F.2d at 1179; *In Re Halkin*, 598 F.2d 176, 190-92 (D.C. Cir.1979); *Ottaway Newspapers, Inc. v. Appeals Court*, 372 Mass. 539, 362 N.E.2d 1189 (1977)). "These privacy interests are particularly compelling when the 'medical, and educational information' of a minor child is involved" [Doc. 17 at 2 (quoting and citing *Doe v. Plymouth-Canton Cmty. Schs.*, No. 19-10166, 2021 WL 5541940, *2 (E.D. Mich. Jan. 12, 2021) (citations omitted); *Siefert v. Hamilton Cnty. Bd. of Comm'ns.*, No. 1:17-cv-511, 2017 WL 4156210, *2 (S.D. Ohio Sept. 18, 2017))]. The Court may seal "Court Records or portions thereof" for "good cause." E.D. Tenn. L.R. 26.2(b).

The Court grants Defendant's motion to seal Plaintiff's prior "Care Plan" and "medical records" for good cause shown [Doc. 45]. Both documents contain sensitive medical and educational information of a minor [*See* Docs. 45 at 1, 46 *SEALED*, 47 *SEALED*]. The Court remains committed to its "strong presumption in favor of openness," *see Shane Group, Inc.*, 825 F.3d at 305, but "parents and guardians, the public, and this Court have a compelling interest in protecting the private medical and educational information of minor children" [Doc. 17 at 2 (citing *Doe*, No. 19-10166, 2021 WL 5541940, at *2; *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d

2

at 474)]. The seal of these records protects that compelling interest. Accordingly, the Court **GRANTS** Defendant's "Motion for Leave to File Document Under Seal" [Doc. 45].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

3