UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **JANE DOE**, *the student; by and through her parents,* **K.M.** and **A.M.**; | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.: 3:22-cv-63-KAC-DCP ) |
| **KNOX COUNTY BOARD OF EDUCATION**; | ) ) ) ) |
| Defendant. | ) |

## ORDER DENYING
## "PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL"

This case is before this Court on "Plaintiff's Motion for Preliminary Injunction Pending Appeal" [Doc. 35]. This Court entered final judgment dismissing Plaintiff Jane Doe's Second Amended Complaint without prejudice because she failed to exhaust the administrative procedures of the Individuals with Disabilities Education Act (IDEA) before filing suit [*See* Docs. 32 at 1; 33]. Doe appealed the matter to the United States Court of Appeals for the Sixth Circuit, where it is pending [*See* Doc. 34]. However, Doe now "requests that [this] Court enter a preliminary injunction" while the matter is on appeal [Doc. 35 at 1]. Whether because this Court lacks jurisdiction to do so, or because the preliminary injunction factors weigh against doing so, this Court rejects Plaintiff's request for such extraordinary relief pending appeal.

I.  **Background**

Doe is "a ninth-grade student [at] L&N Stem Academy" (L&N) [Doc. 32 at 1 (citations omitted)]. L&N "is a magnet high school," [Doc. 44 at 1], that "operates on a unique schedule

1

operating from 9:30AM to 4:30PM," [Doc. 44-1 ¶ 21]. "There is no dedicated 'cafeteria' at L&N" [*Id.* ¶ 18]. Students "are allowed to take their lunch and eat throughout the building, including during most academic classes that overlap lunch as well as during student driven Genius Hours" [*Id.*]. L&N "is the only school in Knox County that accepts students from the surrounding school systems," and some "students . . . commute as much as 3 hours per day to and from the school" [Doc. 44 at 2]. L&N is Doe's "school of choice"; she is "zoned for" another high school [*Id.* at 1 n.2].

As the Court previously summarized in its "Memorandum Opinion and Order Granting Defendant's Motion to Dismiss" [Doc. 32], Doe has misophonia—"a disorder of decreased tolerance to specific sounds or their associated stimuli"—that "manifests as an extreme reaction to hearing normal sounds of eating gum and chewing food," [*Id.* at 1-2 (quotations omitted)]. "[S]he is missing approximately half her educational time at L&N because she leaves the classroom to escape the eating and chewing of gum in academic classes" [*Id.* at 2 (quotation omitted)]. Doe filed suit against the Knox County Board of Education (KCBOE), alleging violations of the Americans with Disabilities Act of 1990 (ADA) and Title V of the Rehabilitation Act of 1973 because KCBOE failed to implement and enforce "a ban on eating and chewing in all of her academic classrooms" and an "undefined appropriate accommodation" during "Genius Hour" programming that "overlaps with lunchtime" at L&N [*Id.* (quoting Doc. 27 ¶¶ 24, 31-32, 35) (cleaned up)]. Doe also filed a "Motion for Temporary Restraining Order and Preliminary Injunction" [Doc. 2; *see also* Doc. 32 at 3-4 (detailing procedural history of the case)]. KCBOE "moved to dismiss Plaintiff's Second Amended Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1)" [Doc. 32 at 4; *see also* Doc. 25 (KCBOE's motion to dismiss)]. This Court

granted KCBOE's motion and dismissed this action, [s*ee* Docs. 32; 33], because "the law required" Doe to "'exhaust the IDEA's administrative procedures' before filing suit," [Doc. 32 at 1 (quoting *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 748 (2017)]. It is undisputed that Doe has failed to exhaust the IDEA's administrative procedures [*See id.* at 2].

Doe appealed [*See* Doc. 34]. Simultaneously, she filed the instant "Motion for Preliminary Injunction Pending Appeal" [Doc. 35] in this Court. KCBOE timely opposed [*See* Doc. 44].

## II. Doe's Motion for Preliminary Injunction Pending Appeal

Doe specifically seeks "a preliminary injunction ***prohibiting eating and gum chewing in Plaintiff's academic classes***" while her appeal is before the Sixth Circuit [Doc. 35 at 1 (emphasis added) (citing Fed. R. App. P. 8(a)(1)(C))]. The injunction she now seeks is both narrower and broader than Doe's initial request, which sought "a ban on eating and chewing in all of her *academic* classrooms ***(with a reasonable exception for other students with medical needs)***," [Doc. 27 ¶ 24 (second emphasis added)], and an undefined "appropriate accommodation" that would allow her to participate in Genius Hour, "which overlaps with lunchtime," [Doc. 32 at 2 (cleaned up)].

Federal Rule of Appellate Procedure 8 states that "[a] party must ordinarily move first in the district court for . . . an order . . . granting an injunction while an appeal is pending" before that "motion . . . may be made to the court of appeals." Fed. R. App. P. 8(a). "[T]hat initial application in the district court" is "governed by" Federal Rule of Civil Procedure 62. 16A C. Wright, A. Miller, & C. Struve, Federal Practice and Procedure § 3954 (5th ed.). Rule 62(d) provides that, "[w]hile an appeal is pending from . . . [a] final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction," the district court "may suspend, modify,

3

restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."[1]  Fed. R. Civ. P. 62(d).  Although "[d]ifferent rules of procedure govern the power of district courts and courts of appeals . . . the factors regulating the issuance of a[n injunction] are generally the same."  *See Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987) (addressing issuance of a stay pending appeal using the same factors).

First, this Court must address a potential jurisdictional issue that the Parties disregarded. The Sixth Circuit has not determined whether IDEA exhaustion "is a jurisdictional requirement" or more akin to a "mandatory claims-processing rule."  *See L.G. by and through G.G. v. Bd. of Educ. of Fayette Cnty., Ky.*, 775 F. App'x 227, 231 n.3 (6th Cir. 2019).  There is a circuit split on the issue.  *See Gibson v. Forest Hills Local Sch. Dist. Bd. of Educ.*, 655 F. App'x 423, 430-31 (6th Cir. 2016) (describing the circuit split).  If IDEA exhaustion is jurisdictional, this Court would have no jurisdiction to issue an order granting or denying a preliminary injunction pending appeal. *See Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (directing a district court to dismiss claim for lack of subject matter jurisdiction due to failure to exhaust the IDEA's administrative procedures).  However, if exhaustion is not jurisdictional and instead analogous to a mandatory claims-processing rule, this Court would have jurisdiction to consider Doe's motion.

This Court need not decide that precise issue because the practical outcome of this Order is the same under either interpretation—no preliminary injunction shall issue.  **First**, if IDEA exhaustion is jurisdictional, this Court declines to issue a preliminary injunction pending appeal

---

[1] The Court dismissed this action by granting KCBOE's "Motion to Dismiss" [Doc. 25] without adjudicating Doe's "Motion for Temporary Restraining Order and Preliminary Injunction" [Doc. 2].  The Court, however, effectively "refuse[d]" to issue an injunction by granting KCBOE's motion.  *See* Fed. R. Civ. P. 62(d).

4

because it lacks jurisdiction to do so. *See Cave*, 514 F.3d at 250. **Second**, and alternatively, if IDEA exhaustion is not jurisdictional, it is mandatory under the law. *See L.G.*, 775 F. App'x at 231 n.3 ("But even if failure to exhaust is not jurisdictional . . . the parent's failure to exhaust is still fatal to their claim."). And as described more fully below, on balance, Doe's failure to exhaust and the other relevant factors weigh against issuing her requested preliminary injunction.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). In assessing whether this extraordinary remedy is warranted, the Court balances four factors: "'(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction.'" *Wilson v. Williams*, 961 F.3d 829, 836 (6th Cir. 2020) (quoting *Am. Civ. Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015)). "While no single factor necessarily is dispositive, the first—the likelihood of success—in many instances will be the determinative factor." *Dahl v. Bd. of Tr. of W. Mich. Univ.*, 15 F.4th 728, 730 (6th Cir. 2021) (citations omitted).

Here, Doe has failed to show that the preliminary injunction she seeks should issue. To start, Doe lacks a strong likelihood of success on the merits. "By its text, the IDEA requires a plaintiff to administratively exhaust her claims under the Americans with Disabilities Act of 1990 or Title V of the Rehabilitation Act of 1973 'before filing' a civil action, when the relief sought in the civil action is 'also available under' the IDEA" [Doc. 32 at 6 (quoting 20 U.S.C. § 1415(l))].

5

As the Court addressed fully in its Memorandum Opinion [Doc. 32], Doe's Second Amended Complaint seeks relief that is also available under the IDEA, [*Id.* at 8-11]. Thus, the law required her to "'exhaust the IDEA's administrative procedures' before filing suit" [*Id.* at 1 (quoting *Fry*, 137 S. Ct. at 748)]. Doe failed to administratively exhaust her claims before filing suit [*Id.* at 2]. In her "Motion for Preliminary Injunction Pending Appeal" [Doc. 35], Doe takes issue with the Court's Memorandum Opinion [Doc. 32], but nothing in Doe's motion changes the Court's prior analysis.[2] Because the IDEA required Doe to exhaust her claims before she could even raise them in federal court, she cannot demonstrate that she is likely to be successful on those claims in federal court. And her failure is likely determinative. *See Dahl*, 15 F.4th at 730.

However, even if Doe's failure to exhaust were not legally determinative, the cumulative preliminary injunction factors weigh against granting the preliminary injunction she seeks. It is far from clear that Doe would necessarily suffer irreparable injury absent the requested preliminary injunction. As the Court previously outlined, Doe's claims are subject to administrative exhaustion, and the relief sought in her Second Amended Complaint is available under the IDEA [Doc. 32 at 8-10].[3] As such, Doe, her parents, and L&N may engage in the IDEA's comprehensive administrative exhaustion process to solve the alleged lack of meaningful access to an adequate

---

[2] In her Reply, Doe appears to argue that exhaustion of the IDEA's administrative procedures would be futile because, by her own assessment, she "would be turned away 'empty handed' in an administrative forum" [Doc. 48 at 4]. But her assessment is inconsistent with the relief available under the IDEA, and the Sixth Circuit has rejected a futility exception to the IDEA's exhaustion requirement. *See Perez v. Sturgis Pub. Schs.*, 3 F.4th 236, 242-43 (6th Cir. 2021) ("Section 1415(l) does not come with a 'futility' exception, and the Supreme Court has instructed us not to create exceptions to statutory exhaustion requirements." (citing *Ross v. Blake*, 578 U.S. 632, 639-40 (2016))).

[3] "Relief available under the IDEA means relief for the events, condition, or consequences of which the person complains, not necessarily relief of the kind the person prefers." *Perez*, 3 F.4th at 241 (citations and quotations omitted).

education [*Id.* at 5, 11]. *See also Fry*, 137 S. Ct. at 749 (describing the IDEA's multi-step "formal procedures for resolving disputes"). The fact that Doe has, to date, ***chosen*** not to engage in this applicable process that could fully resolve this dispute cuts against her suggestion that she will necessarily suffer irreparable harm absent an injunction. Further, there is a significant risk that the injunction Doe seeks, which does not include an exception for students who require food in the classroom due to medical accommodations or for other protected reasons, could cause substantial harm to other students who require an accommodation [*See* Doc. 44-1 ¶¶ 16-20 (outlining programming and logistical challenges that exist at L&N related to eating outside of the classroom)]. Given the availability of relief through the robust, Congressionally-mandated IDEA administrative exhaustion process; the potential overbreadth of the injunction sought; and the significant programmatic concerns raised by L&N; the public interest would not be served by issuing the requested preliminary injunction pending appeal. Accordingly, because the factors, on balance, do not weigh in Doe's favor, she is not entitled to the extraordinary relief she seeks.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** "Plaintiff's Motion for Preliminary Injunction Pending Appeal" [Doc. 35].

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge