UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JANE DOE, *the student; by and through her parents*, K.M. and A.M., | ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | No.: | 3:22-CV-63-KAC-DCP |
| KNOX COUNTY BOARD OF EDUCATION, | ) ) | | *Lead Case Consolidated with* |
| Defendant. | ) ) | | |
| MARY DOE, *the student; by and through her parents*, L.G., Mother and D.G., Father and L.G. and D.G. Individually | ) ) ) ) | | |
| Plaintiffs, | ) ) | | |
| v. | ) ) | No.: | 3:23-CV-35-KAC-DCP |
| KNOX COUNTY BOARD OF EDUCATION, | ) ) | | |
| Defendant. | ) | | |

## ORDER

The Court previously consolidated lead case *Jane Doe v. Knox County Board of Education*, 3:22-cv-63 (E.D. Tenn.) (*Jane Doe*) with member case *Mary Doe v. Knox County Board of Education*, 3:23-cv-35 (E.D. Tenn.) (*Mary Doe*) "for the purposes of discovery and any trial" [Doc. 63 at 3 (No. 3:22-cv-63); Doc. 10 at 3 (No. 3:23-cv-35)]. On December 1, 2023, Plaintiff Mary Doe filed a "Stipulation of Dismissal of Mary Doe" [Doc. 74 (No. 3:22-cv-63); Doc. 19 (No. 3:23-cv-35)]. That Stipulation purported to dismiss the action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii); however, the Stipulation was only signed by Plaintiff Mary Doe's counsel [Doc. 74 at 2 (No. 3:22-cv-63); Doc. 19 at 2 (No. 3:23-cv-35)]. On December 4, 2023, the Parties in *Mary Doe* jointly filed a "Stipulation of Dismissal of Mary Doe Pursuant to Fed. R.

1

Civ. P. 21" [Doc. 75 (No. 3:22-cv-63); Doc. 20 (No. 3:23-cv-35)]. The Parties in *Mary Doe* filed the amended Stipulation based on their understanding that "authority exists" suggesting that a stipulation dismissing "a single party should be accomplished through Rule 21, as Rule 41 concerns an 'action,' not a party" [Doc. 75 at 1 n.1 (No. 3:22-cv-63) (citation omitted); Doc. 20 at 1 n.1 (No. 3:23-cv-35) (citation omitted)].

Under Rule 41(a)(1)(A)(ii), the plaintiff "may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared" in the action. Fed. R. Civ. P. 41(a)(1)(A)(ii). Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" from an action. Fed. R. Civ. P. 21. As used in the Federal Rules of Civil Procedure, the word "action" means "the entire controversy." *Letherer v. Alger Group*, 328 F.3d 262, 266 (6th Cir. 2003) (citations and quotations omitted), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008). The Sixth Circuit has not clearly addressed whether two cases that were consolidated for a limited purpose become a single "action" for the purposes of Rule 41. But this Court has doubts. The better reading of the text and precedent is that there are two separate controversies here—each their own action. *See Hall v. Hall*, 138 S. Ct. 118, 1131 (2018) (even once consolidated, "constituent cases retain their separate identities"). The Court consolidated these two actions for a limited purpose [*See* Doc. 63 at 3 (No. 3:22-cv-63); Doc. 10 at 3 (No. 3:23-cv-35)]. *See* Fed. R. Civ. P. 42(a)(2). The Court did not thereby create a third, or different, action. *See Hall*, 138 S. Ct. at 1127 ("[C]onsolidation 'operates as a mere carrying on together of two issues' and 'does not avoid the need for separate decrees in each case.'" (quoting *Toledo, St. L. & K.C.R. Co. v. Continental Trust Co.*, 95 F. 497, 506 (6th Cir. 1899))). Therefore, Rule 41, not Rule 21, is the appropriate vehicle to dismiss the action in *Mary Doe*. *See Letherer*, 328 F.3d at 266.

2

Case 3:22-cv-00063-KAC-DCP   Document 76   Filed 12/07/23   Page 2 of 3   PageID #: 690

Applying Rule 41, the first Stipulation was ineffective because Defendant did not sign it. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). But counsel for Plaintiff Mary Doe and Defendant signed the amended Stipulation [Doc. 75 at 2 (No. 3:22-cv-63); Doc. 20 at 2 (No. 3:23-cv-35)]. The amended Stipulation therefore satisfied the requirements of Rule 41(a)(1)(A)(ii) and effectively dismissed *Mary Doe* on December 4, 2023. *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 540 (6th Cir. 2013). Accordingly, the Court **DIRECTS** the Clerk to close case number 3:23-cv-35. *Jane Doe* remains.

SO ORDERED.

                                                s/ Katherine A. Crytzer
                                                KATHERINE A. CRYTZER
                                                United States District Judge

3

Case 3:22-cv-00063-KAC-DCP   Document 76   Filed 12/07/23   Page 3 of 3   PageID #: 691