UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JANE DOE, *the student; by and through her parents,* K.M. and A.M.; <br><br> Plaintiff, <br><br> v. <br><br> KNOX COUNTY BOARD OF EDUCATION; <br><br> Defendant. | No.: 3:22-cv-63-KAC-DCP |

## ORDER

This action is before the Court on Defendant's "Eighth Motion in Limine" [Doc. 138], which seeks to "exclude . . . [Knox County Board of Education counsel Amanda Lynn Morse] as [a] potential trial witness and exclude all evidence of or argument about the October 22, 2021 email and the grievance" [Doc. 138 at 6]. For the below reasons, the Court **GRANTS** Defendant's Motion **in part** and **DENIES** the Motion **in part**.

*First*, Plaintiff may not call Knox County Board of Education counsel Morse as a witness in the trial of this matter. When seeking "[d]iscovery from an opposing counsel," the Sixth Circuit has required a Party to show that "(1) no other means exist to obtain the information . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). This rule for obtaining *discovery* from opposing counsel would apply with even greater force where a party seeks to elicit *trial testimony* from opposing counsel. *See, e.g., Domski v. Blue Cross Blue Shield of Michigan*, No. 23-12023, 2024 WL 4609575, at *4 (E.D. Mich. Oct. 29,

2024); *AWGI, L.L.C. v. Atlas Trucking Co., L.L.C.*, No. 17-12131, 2019 WL 7288766, at *2 (E.D. Mich. Dec. 30, 2019) (citing *Alomari v. Ohio Dep't of Public Safety*, 626 Fed. App'x 558, 573 (6th Cir. 2015)).

Here, Plaintiff has not met her burden. Plaintiff theorizes that she may need Morse's testimony to show, through various inferences, (1) a purported "serious delay" in responding to a request from one of Plaintiff's parents "with no effective alternative" accommodation, [Doc. 143 at 1], and/or (2) "that Dr. Odom is playing loose with the facts," which "goes to her [Dr. Odom's] credibility," [*id.* at 5]. But Plaintiff has not demonstrated how any delay in responding to Plaintiff's parent's request is relevant to the remaining issues in this action—the purported reasonableness of the accommodation Plaintiff requested and the purported unreasonableness of the accommodations Defendant actually provided. And even if evidence of purported delay and inference of credibility issues were relevant, Defendant asserts that the precise testimony sought would be privileged, and Plaintiff has not shown otherwise [*see* Doc. 138 at 2-3]. Nor has Plaintiff shown that Defendant waived attorney-client privilege. *See United States v. Sadler*, 24 F.4th 515, 557 (6th Cir. 2022) (citing *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998)).

Even if Plaintiff could jump each of these hurdles, she has also failed to show that the information she seeks **from Morse** regarding any delay and Dr. Odom's "playing loose with the facts" is "crucial to the case." *See Shelton*, 805 F.2d at 1327; *see also Nationwide Mut. Ins. Co.*, 278 F.3d at 629. If Plaintiff could get past any relevant privilege, others at the Knox County Law Department may be able to testify to the fact of any delay and the reason for any such delay. Dr. Odom has been identified as a trial witness, and she can be questioned directly about any alleged inconsistency in her own statements, using relevant exhibits. Accordingly, Plaintiff has

2

Case 3:22-cv-00063-KAC-DCP   Document 161   Filed 01/02/25   Page 2 of 4   PageID #: 2613

not made the necessary showing to call Knox County Board of Education counsel Morse as a witness at trial.

***Second***, Defendant seeks to exclude "[a]ll evidence and argument regarding the October 22, 2021 email sent by K.M." and "[a]ll evidence and argument regarding the 504 grievance submitted to KCBE by K.M. and KCBE's response" under Federal Rules of Evidence 401, 402, and 403 [*See* Doc. 138 at 4-5, 6]. The Court denies Defendant's request.

Rule 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible. *See* Fed. R. Evid. 402. But the Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As an initial matter, both the October 22, 2021 email [Doc. 95-29] and the "504 Grievance for Accommodations Request Response" [Doc. 94-4 at 56-60] are relevant to the remaining claims in this action. *See* Fed. R. Evid. 401. The October 22, 2021 email tends to show the nature of Plaintiff's accommodation request [Doc. 95-29 at 1]. And the nature of that requested accommodation is "of consequence" to the remaining failure to accommodate claims [*See* Docs. 133, 148]. Similarly, the "504 Grievance for Accommodations Request Response" [Doc. 94-4 at 56-60] tends to show the nature of (1) Plaintiff's accommodation request and (2) the accommodations Defendant actually provided Plaintiff [*See* Doc. 94-4 at 56-60]. This is highly relevant to, and foundational to assessing, the purported reasonableness of Plaintiff's

3

requested accommodation and the purported unreasonableness of the accommodations Defendant actually provided—two live issues. *See* Fed. R. Evid. 401.

And the significant probative value of this evidence is not "substantially outweighed" by Defendant's vague assertion of risk of "confusion for the jury" [*See* Doc. 138 at 6]. *See* Fed. R. Evid. 403. To the extent that the language of Plaintiff's requested accommodation shifted or evolved after September 3, 2021 but before January 3, 2022, the Parties can fairly argue to the jury whether this has any significance [*See* Doc. 94-4 at 56-60]. And there is no indication that these relatively brief documents are independently too confusing for a jury to understand with context provided by relevant witnesses. Accordingly, the Court **DENIES** Defendant's request to exclude "[a]ll evidence and argument regarding the October 22, 2021 email sent by K.M.," and "[a]ll evidence and argument regarding the December 504 grievance submitted to KCBE by K.M. and KCBE's response" [Doc. 138 at 1].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge